IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHANTAL HARRIS<br>3 Sutton Place<br>Shaker Heights, Ohio, 44120<br><br>Plaintiff<br><br>v.<br><br>GRACE HOSPITAL<br>2307 West 14th Street<br>Cleveland, Ohio, 44113<br><br>**Please Serve Also:**<br>Willard E. Bartel, statutory agent<br>1422 Euclid Avenue, Suite 800<br>Cleveland, Ohio, 44115<br><br>-and-<br><br>RAJIVE KHANNA<br>2734 Wicklow Rd,<br>Shaker Heights, Ohio 44120<br><br>-and-<br><br>MICHELLE HENNIS<br>3455 Malvern Drive,<br>Brunswick, Ohio, 44212<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(Jury Demand Endorsed Hereon)** |

## INTRODUCTION

Plaintiff Chantal Harris brings this action against Defendants Grace Hospital, Rajive Khanna, and Michelle Hennis, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act (the



"Ohio Wage Law"), O.R.C. §§ 4111.15 *et seq*. The following allegations are based upon information and belief, or personal knowledge as to Harris' own conduct and the conduct and acts of others.

## PARTIES

1. Harris is a resident of the city of Shaker Heights, county of Cuyahoga, state of Ohio.

2. During all times material to this Complaint, Harris was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

3. Grace Hospital is an Ohio non-profit corporation with its principle place of business located in the city of Cleveland, Ohio.

4. Grace Hospital is "named enterprise" under the Fair Labor Standards Act, ("FLSA") in that it is an institution "primarily engaged in the care of the sick, the aged, or the mentally ill" within the meaning of Section 3(s)(1)(B) of the act.

5. Khanna is the President and CEO of Grace Hospital, whom exercises significant control over Grace Hospital's day to day operations, policies, and procedures, to include, but not limited to its compensation and/or pay practices.

6. At all times relevant herein, Khanna supervised and/or controlled Harris' employment with Grace Hospital, and acted directly or indirectly in the interest of Grace Hospital in relation to its employees, and was an employer within the meaning of section 3(d) of the Fair Labor Standards Act and Ohio R.C. 4111.14(B).

7. Hennis is the Director of Finance and/or CFO of Grace Hospital, whom exercises significant control over Grace Hospital's day to day operations, policies, and procedures, to include, but not limited to its compensation and/or pay practices.

8. At all times relevant herein, Hennis supervised and/or controlled Harris' employment with Grace Hospital, and acted directly or indirectly in the interest of Grace Hospital in relation to its

employees, and was an employer within the meaning of section 3(d) of the Fair Labor Standards Act and Ohio R.C. 4111.14(B).

9. During all times material to this Complaint, Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

10. Jurisdiction is proper over Defendants pursuant to 28 U.S.C. § 1331 in that Harris is alleging a federal law claim arising under the Federal Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Thus, this Court has original jurisdiction over the federal law claims asserted in this Complaint under 28 U.S.C. § 1331.

11. This Court has supplemental jurisdiction over Harris's state law claims under 28 U.S.C. § 1367.

12. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which the Defendants operate and conduct business.

## FACTS

13. Harris is a current employee of Grace Hospital.

14. Harris has held the position of HR Specialist with Grace Hospital since June of 2016.

15. Prior to holding the position of HR Specialist, Harris held the position of Staffing Coordinator.

16. Harris was first hired by Defendants as a Staffing Coordinator in or around August of 2015.

17. At all times material to the complaint, Harris was paid an hourly rate.

18. Because Harris is paid hourly, she is not exempt under any provision of the FLSA.

19. Defendants pay Harris overtime at a rate of time and one half for all time over 40 hours Harris works *on Grace Hospital's premises* each week

The Employee's Attorney.™



20. As a Staffing Coordinator, Harris was required to be "on-call" when she was not at Grace Hospital.

21. Harris continued to be responsible for her "on-call" duties after she became Grace Hospital's HR Specialist.

22. While on call, Harris would receive calls and emails that would require an immediate response, and she would rarely go more than half an hour between work obligations.

23. The work Harris had to perform while on call came at all hours, including in the middle of the night while she was sleeping.

24. Harris was expected to be available to the employees of Grace Hospital 24 hours a day while she was on call.

25. Each issue Harris would have to address when she received "on-call" emails or phone calls took 15 or more minutes to complete, and sometimes took an hour or more to complete.

26. While Harris was "on call," her time was spent predominately for the benefit of Grace Hospital, such that she was unable to effectively use time she spent between calls or emails for her own purposes

27. At all times material to the Complaint, Defendants paid Harris $2.00 an hour for every hour she was "on-call."

28. A true and accurate copy of Grace Hospital's "on call" policy, including its $2.00 per hour pay policy, is attached hereto as Exhibit A.

29. Pursuant to Grace Hospital's on-call policy, Harris was to submit all "on-call" hours worked to Grace Hospital for the purposes of receiving her $2.00 hourly pay.

30. Harris submitted all of the "on-call" hours she worked to Grace Hospital.

31. Defendants were aware of all the time Harris worked "on-call."

32. Harris' "on-call" time was compensable.



33. Defendants policy of paying Harris $2.00 per hour for all hours spent on call is an admission that Harris' "on-call" time is compensable.

34. Defendants violated the FLSA and the Ohio Wage Act when they failed to pay Harris the full overtime rate of one and one-half times the regular rate of pay for all hours Harris worked while "on-call."

35. At all times referenced herein, Defendants were aware of their obligations to Harris under the FLSA and the Ohio Wage Act.

36. In or around November of 2017, Harris complained to Hennis that she was not being paid overtime correctly ("Overtime Complaint").

37. As part of Harris' Overtime Complaint, she provided Hennis with a copy of 29 C.F.R §785, *et al*, "Hours Worked."

38. A true and accurate copy of the CFR Harris provided Hennis is attached hereto as Exhibit B.

39. After speaking with Khanna, Hennis informed Harris that she agreed Grace Hospital had violated the FLSA, and that Defendants would be changing the "on-call" policy.

40. Hennis further informed Harris that while she would continue to receive the $2.00 hourly "on-call" pay, she was to immediately reduce the number of hours she worked at Grace Hospital's offices in order to offset her on-call time.

41. Despite Defendants' knowledge that they failed to properly pay Harris for all overtime worked while she was "on-call," Defendants have not paid Harris her owed wages.

42. Despite their knowledge of their obligations to pay employees the proper wage for all hours worked, to include overtime, Defendants willfully and recklessly refused to pay Harris properly.

43. Defendants lack a good faith or reasonable justification for failing to pay Harris properly for all hours worked, to include all overtime worked.



## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

44. Harris restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

45. During all times material to this complaint, Harris was not exempt from receiving minimum wage under the FLSA because, *inter alia*, he was not an "executive," "computer," "administrative," "inside sales," "outside sales," or "professional" employee, as defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

46. During all times material to this Complaint, Defendants violated the FLSA by failing to compensate Harris at a rate of time-and-one-half of her regular rate of pay for all time she worked in excess of forty (40) hours per workweek.

47. During all times material to this complaint, Defendants willfully and/or recklessly violated 29 U.S.C. § 206.

48. In violating the FLSA, Defendants without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

49. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Harris for the full amount of the required minimum wage rate, and an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II: VIOLATION OF THE OHIO WAGE ACT

50. Harris restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

51. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, et seq.

52. During all times material to this complaint, Grace Hospital was a covered employer required to comply with the Ohio Wage Act's mandates.

The Employee's Attorney.™



53. During all times material to this complaint, Harris was a covered employee entitled to individual protection of Ohio Wage Act.

54. Defendants violated the Ohio Wage Act with respect to Harris by, *inter alia*, failing to to pay Harris at a rate of time-and-one-half of her regular rate of pay for all time she worked in excess of forty (40) hours per workweek while she was "on-call."

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Chantal Harris requests judgment against Defendants Grace Hospital, Rajive Khanna, and Michelle Hennis, and for an Order:

(a) Awarding to Harris unpaid all overtime wages due as determined at trial together with any liquidated damages allowed by FLSA;

(b) Awarding Harris costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(c) Awarding Harris any such other and further relief as the Court deems just and proper;

(d) An injunction prohibiting Defendants from engaging in future violations of the FLSA, or the Ohio Wage Act; and

(e) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
BeachHarris, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Chantel Harris*



## JURY DEMAND

Plaintiff Chantal Harris demands a trial by jury by the maximum number of jurors permitted.

                                *s/ Chris P. Wido*
                                Chris P. Wido (0090441)
                                **THE SPITZ LAW FIRM, LLC**

